UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELIA COLON, et al.,
on behalf of themselves and all
others similarly situated,

    Plaintiffs,

v.                                           Case No: 8:23-cv-01909-KKM-CPT

FLORIDA HEALTH
SCIENCES CENTER, INC.,

    Defendant.
_____

## ORDER

Elia Colon, Anthony James, Tiffany James, Dolly Maldonado, La'Tasha Mann, John McDonald, Alyscia Ramos, Angel Ramos, Tomika Richardson, Helen Scott, Radames Velez, and Charyetta Wright Rassel sue Florida Health Sciences Center, Inc. (Tampa General Hospital) on their own behalf and as proposed representatives of a class of Florida citizens. *See* Am. Compl. (Doc. 16). Based on a May 2023 data breach, Plaintiffs allege common law tort claims as well as violations of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA). Am. Compl. ¶¶ 88–181. Recently, I remanded two similar actions for lack of subject-matter jurisdiction. *See Morgan v. Florida Health Sciences Center*, No. 23-cv-1993 (Doc. 30) (M.D. Fla. July 9, 2024) (remanding for lack

of minimal diversity); *DiPierro v. Florida Health Sciences Center*, No. 23-cv-1864, 2024 WL 3051320 (M.D. Fla. June 18, 2024) (remanding for lack of Article III standing).

Section 1447(c) of Title 28 provides that, in an action removed to federal court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Thus, "[w]hen a case is removed from state to federal court and the plaintiffs do not have Article III standing in federal court, the district court's only option is to remand back to state court." *See Ladies Mem'l Ass'n, Inc. v. City of Pensacola*, 34 F.4th 988, 994 (11th Cir. 2022).

In the light of *DiPierro*, Tampa General concedes that this action should be remanded. *See* Status Report (Doc. 29). I agree, both on standing grounds (similar to *DiPierro*) and because Tampa General has not established minimal diversity (as in *Morgan*).

Accordingly, the following is **ORDERED:**

1. The Clerk is directed to **REMAND** this action to the Circuit Court for the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, and to transmit a certified copy of this order to the clerk of that court.

2. The Clerk is further directed to **TERMINATE** any pending motions and deadlines, and to **CLOSE** this case.

ORDERED in Tampa, Florida, on August 7, 2024.

Kathryn Kimball Mizelle
United States District Judge